IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Titus Smith, | ) | C.A. No. 0:05-954-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Oscar Faulkenberry, Warden, | ) | |
| Kershaw Correctional Institution; and | ) | |
| Henry D. McMaster, Attorney General | ) | |
| of the State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a *pro se* inmate seeking review of his state sentence pursuant to 28 U.S.C. § 2254. Petitioner claims he is actually innocent of "the sentence imposed." Respondents filed a return and motion for summary judgment on June 22, 2005, to which Petitioner responded on August 1, 2005.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On August 15, 2005, the Magistrate Judge issued a Report recommending Respondents be granted summary judgment as the petition is time-barred. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report and Recommendation on August 30, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. In 1995, the South Carolina General Assembly restricted the amount of time a petitioner has to file a post-conviction relief (PCR) application. Pursuant to S.C. Code Ann. § 17-27-45, Petitioner had one year from July 1, 1995 (the effective date of the act) to file his PCR application.[1] This he did not do, and, therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), this petition is time-barred.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment is granted and this matter is dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 12, 2005
C:\temp\notesFFF692\05-954 Smith v. Faulkenberry e adopt rr dism as time barred.wpd

---

[1]Petitioner was sentenced on November 9, 1994, and did not appeal his plea or sentence. Because Petitioner's conviction occurred before enactment of § 17-27-45, he had one year after the effective date of the statute to file a PCR application.